IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MARC,<br><br>                        Plaintiff,<br>v.<br><br>TRAVELERS COMMERICAL INSURANCE COMPANY A.K.A TRAVELER'S INDEMNITY COMPANY OF CONNECTICUT, a corporation,<br><br>                        Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br>Case No. 2:17- CV-1193 TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Traveler's Commercial Insurance Company's ("Travelers") Motion for Partial Summary Judgment regarding Plaintiff Timothy Marc's ("Marc") claim for Breach of the Covenant of Good Faith and Fair Dealing. For the reasons discussed below, the Court will deny the Motion.

## I.      BACKGROUND

On or about March 5, 2011, Marc was injured in a motor vehicle accident while employed by Quality Appliance Service, LLC ("Quality Appliance").[1] Travelers issued Quality Appliance a commercial auto insurance policy (the "Agreement") valid from December 13, 2010 to December 13, 2011.[2] Marc obtained the policy limit from the at-fault driver, and then filed an

---

[1] Docket No. 21, at 2.
[2] *Id.*

underinsured motorist ("UIM") claim under Quality Appliance's insurance policy.[3] Marc and Travelers were unable to resolve the claim and Marc brought this suit to enforce the Agreement.[4]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[6] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact."[8] "Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."[9] Once a movant has carried its initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10]

---

[3] *Id.*

[4] *Id.*

[5] FED. R. CIV. P. 56(a).

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[8] *Adler*, 144 F.3d at 670–71.

[9] *Id.* at 671; *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[10] *Adler*, 144 F.3d at 671 (quoting FED. R. CIV. P. 56(e)).

III.      DISCUSSION

Travelers' factual statements are largely undisputed.[11] The parties, however, dispute two facts regarding who is a named insured under the Agreement. Travelers' interpretation is that only Quality Appliance is a named insured and Marc is a covered employee or "defined insured."[12] Marc's interpretation is that although Quality Appliance purchased the Agreement, Marc is an insured.[13] The parties dispute the Agreement's language, but this dispute is immaterial in deciding Travelers' Motion because the characterization of an insured is "transaction specific," and the Agreement's classification of a party as a "named insured" is not necessarily indicative.[14]

It is well-settled Utah law that "an action for breach of the covenant of good faith and fair dealing may be brought only by a party to the insurance contract."[15] Thus, "there is no duty of good faith and fair dealing imposed upon an insurer running to a third-party claimant . . . ."[16] This is because "the duty of good faith and fair dealing is a contractual covenant, one that arises solely as an incident to contractual obligations owed by an insurer to its insured."[17]

---

[11] *Compare* Docket No. 21, at 2–3, *with* Docket No. 23, at 1–4.

[12] Docket No. 25, at 2–3.

[13] Docket No. 23, at 2–3.

[14] *Sperry v. Sperry*, 990 P.2d 381, 384 (Utah 1999); *see also Rumley v. Allstate Indem. Co.*, 924 S.W.2d 448, 450 (Tex. Ct. App. 1996) ("The relationship between the parties, and the duties arising from that relationship, must be considered in the context of the particular occurrence in dispute.").

[15] *Savage v. Educators Ins. Co.*, 908 P.2d 862, 865 (Utah 1995); *accord Sperry*, 990 P.2d at 383; *Cannon v. Travelers Indem. Co.*, 994 P.2d 824, 828 (Utah Ct. App. 2000).

[16] *Pixton v. State Farm Mut. Auto. Ins. Co.*, 809 P.2d 746, 749 (Utah Ct. App. 1991).

[17] *Savage*, 908 P.2d at 866.

Accordingly, Utah law distinguishes between an insurer and its insured in two different contexts—first-party and third-party insurance policies.[18] The determination of whether a claimant is "an insured under the policy decides the issue of whether [the claimant] is owed a duty of good faith and fair dealing as a party to the insurance contract."[19] The distinction between first-party and third-party insurance agreements is not always clear.[20] Typically, a first-party insurance agreement is "where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured . . . ."[21] In contrast, a third-party agreement "is one where the insurer contracts to defend the insured against claims made by third parties against the insured and to pay the resulting liability, up to the specified dollar limit."[22] Under a third-party agreement, the third-party claimant lacks standing to sue for bad faith.[23]

---

[18] *Id.* at 865.

[19] *See Cannon*, 994 P.2d at 828.

[20] *See Sperry*, 990 P.2d at 383–84 (concluding that the claimant was third-party despite the claimant paying for the insurance premiums and being a named insured under the agreement).

[21] *Id.* (internal citations and quotation marks omitted); *accord Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 (Utah 1985) (concluding that Beck was a first-party claimant because he sued his own insurance company for negotiating his uninsured motorist claim in bad faith); *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 464–65 (Utah 1996) (concluding that a catastrophic health insurance contract between the plaintiff and his insurance company was a first-party agreement); *Lieber v. ITT Hartford Ins. Center, Inc.*, 15 P.3d 1030, 1037 (Utah 2000) (explaining that an agreement whereby the insurer would pay uninsured motorist benefits to the insured's employee was first-party because the employee steps into the employer's shoes).

[22] *Sperry*, 990 P.2d at 383 (concluding that a named co-insured was a third-party claimant when she sued her co-insured) (internal citations and quotation marks omitted); *accord Pixton*, 809 P.2d at 749 (concluding that Pixton is a third-party claimant because she has no relevant contractual relationship with State Farm and her claims "are grounded in her status as an injured claimant attempting to recover against State Farm as the insurer of the tortfeasor"); *Savage*, 908 P.2d at 866 (concluding that the insurer owed no duty of good faith to Savage because she was a third-party claimant).

[23] *See Gibbs M. Smith, Inc. v. U.S. Fid. & Guar. Co.*, 949 P.2d 337, 344 (Utah 1997).

Pursuant to this framework, the characterization of an insured as first or third party is "transaction specific," and the party that bargained for or paid the insurance premiums is not necessarily indicative.[24] For example, in *Sperry v. Sperry*, Mr. and Mrs. Sperry were insured under an automobile policy paid for with marital funds.[25] Later, the couple's son was killed in an automobile accident when Mr. Sperry fell asleep while driving.[26] After the accident, Mrs. Sperry filed a claim with the insured against her husband for their son's wrongful death, and Mrs. Sperry alleged that the insurer negotiated in bad faith.[27] Mrs. Sperry sued the insurer for bad faith, and the issue on appeal was whether she was a first or third party claimant.[28] Mrs. Sperry argued that she was a first-party claimant because she was a named insured, the premiums were paid for by community property, and she was suing as a co-insured covered by the liability provisions of the policy.[29] The court rejected these arguments and explained that Mrs. Sperry was a third-party claimant because her "claim is based upon her husband's alleged negligence and not upon her own coverage under the policy."[30] Thus, "the characterization of any insured as a first or third party must be transaction specific."[31]

Here, Travelers' argument—that Marc is a third-party claimant because he did not bargain for or pay premiums and he lacks any contractual relationship with Travelers—fails for

---

[24] *Sperry*, 990 P.2d at 384.
[25] *Id.* at 382.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 382–83.
[29] *Id.* at 383.
[30] *Id.* at 384.
[31] *Id.*

5

the same reason the *Sperry* court rejected Mrs. Sperry's argument.[32]  Travelers, like Mrs. Sperry, ignores the fact that characterizations of an insured as a first or third party must be transaction specific, and here the transaction between Marc and Travelers is first-party rather than third-party.

Marc is a first-party claimant because, under the Agreement, Travelers agreed to pay "all sums 'the insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'"[33]  The Agreement defines "insured" as anyone 'occupying' a covered 'auto.'"[34]  It is undisputed that Marc was occupying a covered auto when he was injured in the accident, and thus it is likely that Marc is an "insured" under the Agreement.  Marc is a first-person insured because Travelers agreed to pay claims submitted to it for Marc's losses.

Travelers argues that, although Marc is listed as an authorized driver and he was occupying a covered auto, he is not a named insured because only Quality Appliance contracted with Travelers for the insurance policy.  Marc, however, is not suing Quality Appliance who in turn is seeking indemnification from Travelers.  Instead, Marc's claim springs from the contract Quality Appliances made with Travelers.  Quality Appliances paid Travelers to compensate Marc for injuries he might suffer from a third-party underinsured motorist.  That is first-party liability.  In other words, this transaction lacks all indicia of a third-party agreement because Marc is not suing his employer who in turn is seeking indemnification from Travelers.[35]  Indeed,

---

[32] Docket No. 21, at 5; Docket No. 25, at 12.

[33] Docket No. 23, Ex. E at 9.

[34] Docket No. 23 Ex. C at 1.

[35] *See Lieber*, 15 P.3d at 1037 ("any argument that [the insurer's] liability to [the claimant] is third-party rather than first-party would be incorrect.  [Claimant's] claim springs

the Agreement's Underinsured Motorists Coverage section says nothing about indemnifying Quality Appliance from third-party claims. Instead that section expressly covers injured, authorized drivers who suffer personal injury.[36] This is classic first, not third-party coverage.

In sum, Travelers' Motion is denied because it has not demonstrated that Marc is barred by Utah law from asserting a bad faith claim. To do so, Travelers would have had to demonstrate that Marc, as a matter of law, was a third-party claimant rather than first-party. Travelers' has not done so, and therefore its motion should be denied.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment (Docket No. 21) is DENIED. In accordance with the Court's prior Order (Docket No. 22), the parties must participate in mediation within 45 days of this Order

Dated this 16th day of September, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

from the contract [Claimant's employer] made with [the insurer]. It is therefore first-party (contractual) liability.").

[36] *See* Docket No. 21, Ex. B at 44–48.